## STATE ex HAUGHEY et v LUEDERS

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 5, 1933

Ed. F. Alexander, Cincinnati, and Forney & Schreiber, Cincinnati, for plaintiffs in error.

T. Gordon Gutting, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

Plaintiffs in error contend that the 1921 will was not in words revoked by the will of 1930, and should be admitted to probate, and the two wills constitute the will of decedent.

In passing, will say that it is stated in the brief of counsel for plaintiffs in error that the situation calling for this proceeding is the fact that it has developed that the testator died leaving an adopted son; that How having died within one year from the execution of the 1930 will, the bequest of the residuum, being charitable in its nature, is voided under the statute, while if the will of 1921 is admitted in conjunction with the will of 1930, the charitable bequest would stand notwithstanding the adopted child. The question is quite novel, and may or may not require discussion.

Counsel for the plaintiffs in error in the brief cite several cases where it was held that a subsequently executed instrument to a first will was not revoked by the execution of the second instrument, and also some cases where it was held that such instrument was a codicil. Those cases do not apply to the situation here.

The will of 1930 does revoke in words the will of 1921. The testator commences the will of 1930 with the following statement: "I, J. Eads How, do make this my last will." There could be but one last will. The instrument of 1930 is declared in the will to be How's last will and testament. Therefore, there could be no prior last will. By analogy, the situation is covered by §10562, GC, which provides as follows: "After making a will, if the testator duly makes and executes a second will, the destruction, canceling, or revocation of the second will, shall not revive the first will unless the terms of such revocation show that it was his intention to revive and give effect to his first will; or, after such destruction, canceling, or revocation, he duly republishes his first will."

Moreover, the will of 1930 was duly probated, and was probated as the last will of J. Eads How, and it remained unchallenged as his last will until long after the period for contest had passed. Had the will which is sought to be probated been discovered

subsequently to the probate of the will of 1930, and had that will been of a later date than the one probated, under the statute the later will could be probated and the probate would revoke the former order admitting the earlier will. But here we have an attempt to probate a will executed some nine years prior to the execution of the probated will, and the only reason suggested for this action is that under the last will the charitable bequest is defeated unless the first will is probated.

Furthermore, the plaintiffs in error may not maintain this proceeding. Their sole interest is that of trustees under the will of 1930, which was probated. The defendant in error, defendant below, was simply the administrator. There are no legatees, or next of kin parties to the action. It has been frequently held that the executor or administrator may not maintain an action to set aside a will duly admitted to probate. The plaintiffs in error have no such interest as would authorize them to maintain this action.

The judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

In the mandamus suit the writ is refused.

Writ refused.

CUSHING and ROSS, JJ, concur.